[Cite as *State v. Shells*, 2014-Ohio-3646.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-64 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-599 |
| v. | : | |
| | : | |
| ANTOINE J. SHELLS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of August, 2014.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 55 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. #0080433, Post Office Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Antoine J. Shells appeals from his conviction and sentence, following a guilty plea, for Trafficking in Heroin, in an amount equaling or exceeding ten grams,

but less than fifty grams, in the vicinity of a school, in violation of R.C. 2925.03(A)(1), a first-degree felony; and Trafficking in Cocaine, in an amount equaling or exceeding ten grams, but less than twenty grams, in the vicinity of a school, in violation of R.C. 2925.03(A)(1), a felony of the second degree.

{¶ 2}   Shells's appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she has not been able to find any potential assignments of error having arguable merit.   After performing our duty, under *Anders*, to review the record independently, we have not found any potential assignments of error having arguable merit.   Accordingly, the judgment of the trial court is Affirmed.

### I.   The Course of Proceedings

{¶ 3}   Shells was charged by indictment with two counts of Trafficking in Heroin, one count of Trafficking in Cocaine, two counts of Possession of Heroin, and one count of Possession of Cocaine.   In a plea bargain, Shells pled guilty to Trafficking in Heroin as a first-degree felony, and Trafficking in Cocaine as a second-degree felony.   The other charges were dismissed. Shells acknowledged that the two offenses to which he pled guilty were not allied offenses of similar import, because they occurred on different dates.   Shells also agreed, as part of the plea bargain, to reimburse $1,800 in drug-buy money.   The State recommended a ten-year sentence. Shells acknowledged that the offenses to which he pled guilty were mandatory offenses.

{¶ 4}   The trial court ordered a pre-sentence investigation.

{¶ 5}   At the sentencing hearing, after both Shells and his trial counsel were allowed to, and did, address the court, the trial court imposed a ten-year mandatory prison sentence for the

first-degree felony, and a seven-year mandatory prison sentence for the second-degree felony, to be served concurrently. The trial court imposed post-release control terms of five years and three years, respectively, to run concurrently. The trial court also ordered Shells to reimburse the $1,800 drug-buy money, to which Shells had agreed as part of the plea bargain. The trial court did not impose a fine. The trial court ordered Shells to pay court costs. Shells had not requested a waiver of court costs.

{¶ 6} From his conviction and sentence, Shells appeals. His assigned appellate counsel has filed an *Anders* brief. By entry dated April 29, 2014, we accorded Shells 60 days within which to file his own, pro se brief. He has not done so.

## II. An Independent Review of the Record Discloses

## No Potential Assignments of Error Having Arguable Merit

{¶ 7} Under *Anders*, we have an independent duty to review the entire record, and to determine whether there are any potential assignments of error having arguable merit. We have reviewed the transcript of the plea hearing. The trial court conducted a plea colloquy consistent with the requirements of Crim.R. 11(C)(2), and determined that Shells was making his plea knowingly and voluntarily. The record supports that determination.

{¶ 8} We have reviewed the transcript of the sentencing hearing. Both orally at that hearing, and in its sentencing entry, the trial court stated that it had considered the principles and purposes of sentencing, and the seriousness and recidivism factors set forth in R.C. 2929.12. The sentence imposed is within the statutory range for the offenses to which Shells pled guilty.

{¶ 9} We have also reviewed the pre-sentence investigation report. It reflects one

felony drug trafficking juvenile delinquency adjudication, and as an adult, two misdemeanor domestic violence convictions, two felony possession of cocaine convictions, one passing bad checks conviction, and one attempted obstruction of official business conviction. The PSI also reflects two convictions for driving without a valid license. For some of these offenses, Shell had community control sanctions imposed, jail time, and community service time, but no prison sentences.

{¶ 10} We conclude that the sentence imposed is neither an abuse of discretion, nor clearly and convincingly unsupported by the record.

{¶ 11} The trial court, in its sentencing entry, did disapprove Shells for transitional control, which we have previously held to be premature in a sentencing entry. *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258 (2d Dist.). But any error in this regard is necessarily harmless, because persons, like Shells, subject to a mandatory prison sentence are not eligible for transitional control until the expiration of all mandatory prison sentences, by which time Shells would no longer be subject to transitional control, since the trial court has not imposed any non-mandatory prison sentences. R.C. 2967.26(A)(1)(b).

{¶ 12} The trial court ordered Shells to pay court costs. Shells had not requested a waiver of court costs, and the pre-sentence investigation report indicated that Shells was 32 years old, and had reported that his health was good, and that he had no present or past mental health concerns. We conclude that there is no potential assignment of error having arguable merit that the trial court erred in ordering Shells to pay court costs.

{¶ 13} After an independent review of the entire record, we have found no potential assignments of error having arguable merit.

## III. Conclusion

{¶ 14} No potential assignments of error having arguable merit being found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Kirsten Knight
Antoine J. Shells
Hon. Stephen Wolaver